# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

LASHAUN REED,

    Plaintiff,

v.                                            Civil Action 2:19-cv-738
                                                 Judge James L. Graham
                                                 Magistrate Judge Kimberly A. Jolson

GARY MOHR, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 8). For the reasons that follow, it is **RECOMMENDED** that the Motion be **GRANTED in part and DENIED in part**.

## I. INTRODUCTION

Plaintiff Lashaun Reed is a pro se prisoner incarcerated in Toledo Correctional Institution. Defendants are Gary Mohr, the former Director of the Ohio Department of Rehabilitation and Correction ("ODRC"); Jeff Noble, the Warden of Madison Correctional Institution ("MCI"); and Captain Alexander, an ODRC employee at MCI. Plaintiff alleges:

> [O]n[e] day Capt. Alexander got called to my cell because I was trying to hang myself. I told him I was suicid[al] at the moment when they open[ed] my door. They took me out of my cell and put me in AA shower. They took everything out of my cell and put me back in there with a gown on and my boxer[s]. They He [sic] didn't … put me on watch. Then I cut my wrist with a sharp object then they put me on watch after I did that. I was going thru something that day. Because [they failed] to put me on watch because I was trying to take my life that they felt like it wasn't their concern for my safe[ty]. This falls under the[ir] 67-MHN-09 suicide prevention[.]

(Doc. 3 at 3–4). Plaintiff requests that the Court "find [Defendants] accountable for the[ir] actions in this matter" and award him "a reason[able] amount of money" to "pay for the emotion[al] stress and failure to do the[ir] job."

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires that a complaint "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 678 (2009); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the complaint, a court must construe it in favor of the plaintiff and accept all well-pleaded factual allegations as true. *Id*. at 57. "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added) (citing *Twombly*, 550 U.S. at 556).

On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Twombly*, 550 U.S. at 555; *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (noting that a plaintiff must give specific, well-pleaded facts, not just conclusory allegations). In other words, while "detailed factual allegations" are not required under Fed. R. Civ. P. 8(a)(2)'s "short and plain statement" rule, the law "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677–78 (quoting *Twombly*, 550 U.S. at 555) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## III. DISCUSSION

Plaintiff brings a deliberate indifference claim against Defendants. (Doc. 3 at 3–4). Liberally construing the Complaint, the Undersigned assumes that Plaintiff intended to sue Defendants in their official and individual capacities. *See Arauz v. Bell*, 307 F. App'x 923, 927

n.2 (6th Cir. 2009) ("Arauz's complaint does not state whether he is suing the defendants in their official or individual capacities. However, construing this pro se pleading liberally, we assume that Arauz intended to sue them in both their official and individual capacities.").

According to Plaintiff, Defendant Alexander was called to his cell because he was trying to hang himself; he informed Defendant Alexander that he was suicidal; Defendant Alexander removed him from the cell; Defendant Alexander removed everything in the cell except an unidentified sharp object; Defendant Alexander placed him back in the cell with the unidentified sharp object; Defendant Alexander did not place him on suicide watch; and he subsequently attempted suicide again by slashing his wrist with the unidentified sharp object. (Doc. 3 at 3–4).

### A. Official Capacity

"State sovereign immunity generally bars damages actions against states from proceeding in federal court. This immunity also generally applies to state agents and instrumentalities, including state officials sued in their official capacities." *Kanuszewski v. Michigan Dep't of Health & Human Servs.*, 927 F.3d 396, 413 (6th Cir. 2019) (internal citations and quotations omitted). To the extent Plaintiff sues Defendants in their official capacities for monetary damages, state sovereign immunity bars those claims. And the Undersigned recommends dismissal of any official capacity claims as a result. *See id.*

### B. Individual Capacity

#### 1. *Defendant Gary Mohr and Defendant Jeff Noble*

Defendants contend that Plaintiff's claims against Defendants Mohr and Noble fail because *respondeat superior* does not apply to § 1983 claims. They are correct. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. Because vicarious liability is inapplicable to § 1983

suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Plaintiff has failed to allege that Defendants Mohr and Noble were personally involved in the alleged misconduct underlying his claims. Given this, the claims against Defendants Mohr and Noble in their individual capacity should be dismissed as a result. *See id.*

### 2. Defendant Alexander

Plaintiff, however, alleges sufficient facts to state a deliberate indifference claim against Defendant Alexander in his individual capacity. "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation and quotation marks omitted). An inmate can bring suit under 42 U.S.C. § 1983 for an Eighth Amendment violation "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id.* at 104–05.

"To establish a prison official's deliberate indifference to a serious medical need, an inmate must show two components, one objective and the other subjective." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "The objective component requires a plaintiff to prove that the alleged deprivation of medical care was serious enough to violate the Eighth Amendment." *Rhinehart*, 894 F.3d at 737 (citing *Farmer*, 511 U.S. at 834). A medical need is sufficiently serious if it "has been diagnosed by a physician as mandating treatment or … is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Jones v. Muskegon County*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

4

"The subjective component requires a showing that the 'official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Richmond v. Huq*, 885 F.3d 928, 939 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 837). "This means that the defendants must have a 'sufficiently culpable state of mind.'" *Darrah v. Krisher*, 865 F.3d 361, 368 (6th Cir. 2017) (quoting *Farmer*, 511 U.S. at 837). This requires the Court to determine whether the official was "subjectively reckless, such that she was actually aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference." *Bays v. Montmorency Cty.*, 874 F.3d 264, 268 (6th Cir. 2017) (citation, quotation marks, and alterations omitted). "A plaintiff may rely on circumstantial evidence to prove subjective recklessness." *Rhinehart*, 894 F.3d at 738.

Relevant here, the Sixth Circuit has explained that, in the prison suicide context, "proof of a prisoner's psychological needs manifesting themselves in suicidal tendencies with 'a strong likelihood that he would attempt to take his own life' are sufficiently serious for purposes of the objective component." *Galloway v. Anuszkiewicz*, 518 F. App'x 330, 333 (6th Cir. 2013) (quoting *Gray v. City of Detroit,* 399 F.3d 612, 616 (6th Cir. 2005)). As for the subjective component, it "is satisfied with proof that a prison official drew an inference from the available facts that there was a 'strong likelihood' of prisoner suicide, but then disregarded that risk by failing to take adequate precautions to mitigate the risk." *Galloway*, 518 F. App'x at 333 (citing *Gray,* 399 F.3d at 616). In other words, courts ask whether the prisoner "showed a strong likelihood that he would attempt to take his own life in such a manner that failure to take adequate precautions amounted to deliberate indifference to [his] serious medical needs." *Gray*, 399 F.3d at 616 (citation and quotations omitted).

Defendants challenge the legal sufficiency of Plaintiff's allegations against Defendant Alexander on a number of grounds. First, they argue that Plaintiff fails to state a claim because he alleges no physical injury as required by the Prison Litigation Reform Act ("PLRA"). Prisoners may not bring claims "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). But Plaintiff has alleged that, after he tried to hang himself, he "cut [his] wrist with a sharp object." (Doc. 3 at 4). Attempting suicide in this fashion meets the PLRA's physical injury requirement. *See Arauz*, 307 F. App'x at 929 ("Reading Arauz's pleadings liberally, we conclude that Arauz's statements that he attempted to commit suicide satisfy this requirement. By definition, attempting suicide involves hurting oneself, and we can presume the existence of some physical injury from Arauz's statement that he attempted to commit suicide."); *see also Rosario v. Brawn*, 670 F.3d 816, 821 (7th Cir. 2012) ("In suicide cases, the objective element 'is met by virtue of the suicide itself, as it goes without saying that suicide is a serious harm.'" (quoting *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006)).

Second, Defendants contend that Plaintiff "has not indicated that a constitutionally protected right was violated by Defendants during Plaintiff's suicide attempt." (Doc. 8 at 10). They emphasize that "Plaintiff has no general right to be protected against committing suicide and does not possess a direct right to be screened for suicidal tendencies." (*Id.* at 12 (citations omitted)). That is an accurate statement of the law so far as it goes, but it is, at best, tangential to what is at issue here. Plaintiff has not pressed for general rights regarding suicide prevention but instead has asserted the well-established right to be free from deliberate indifference to an inmate's psychiatric needs, *Richmond*, 885 F.3d at 937, and the "basic right to continuing medical treatment once a prisoner has been determined to be suicidal," *Comstock v. McCrary*, 273 F.3d 693, 711 (6th Cir. 2001).

Defendants continue, arguing that "Plaintiff fails to indicate that a condition that posed 'substantial harm' existed." (Doc. 8 at 12). This appears to be an argument that Plaintiff's allegations do not satisfy the objective component of a deliberate indifference claim. Sixth Circuit precedent tells us otherwise. "Because plaintiff alleges that" Defendant Alexander was "indifferent to [his] psychological needs, namely his suicidal tendency, []he easily satisfies the objective component." *Comstock*, 273 F.3d at 703–04.

Defendants also assert that Plaintiff's allegations do not demonstrate that Defendant Alexander had "the culpable mindset necessary for liability." (Doc. 8 at 13). The Undersigned disagrees. According to Plaintiff, Defendant Alexander was called to his cell because he was trying to hang himself; he informed Defendant Alexander that he was suicidal; Defendant Alexander removed him from the cell; Defendant Alexander removed everything in the cell except an unidentified sharp object; Defendant Alexander placed him back in the cell with the unidentified sharp object; Defendant Alexander did not place him on suicide watch; and he subsequently attempted suicide again by slashing his wrist with the unidentified sharp object. (Doc. 3 at 3–4). In other words, despite knowing that Plaintiff was suicidal, Defendant Alexander placed him in a cell with an unidentified sharp object and no supervision. Accepting these allegations as true (even if doubtful in fact), *Twombly*, 550 U.S. at 555, they support the inference that Defendant Alexander recklessly disregarded a substantial risk of serious harm to Plaintiff.

Finally, Defendants argue that Defendant Alexander is entitled to qualified immunity because, "even if a constitutional right existed and was applicable in this case, the right was not 'clearly established' at the time of the incident to put a prison official on notice." (Doc. 8 at 15). Defendants do not develop this argument, and, "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Wesley v. Campbell*, 779

F.3d 421, 433 (6th Cir. 2015). More importantly, as discussed above, the right to be free from deliberate indifference to an inmate's psychiatric needs and the right to continuing medical treatment once a prisoner has been determined to be suicidal were clearly established at the time of the events in question. *See Comstock v. McCrary*, 273 F.3d 693 (6th Cir. 2001). At this stage of proceedings, Defendant Alexander has not demonstrated that he is entitled to qualified immunity.

The Undersigned, therefore, recommends that the Court deny the Motion to Dismiss with respect to Plaintiff's claims against Defendant Alexander in his individual capacity.

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. 8) be **GRANTED in part and DENIED in part**. Specifically, the Undersigned **RECOMMENDS** that Plaintiff be permitted to proceed with his claim against Defendant Alexander in his individual capacity and that the remaining claims be dismissed.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review

8

the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.


Date:  July 30, 2019                              /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE