IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lashaun M. Reed,

    Plaintiff,

  v.                              Case No. 2:19-cv-738

Gary Mohr, et al.,

    Defendants.

OPINION AND ORDER

This is an action brought pursuant to 42 U.S.C. §1983 by plaintiff Lashaun M. Reed, an Ohio state prison inmate proceeding pro se, against Gary C. Mohr, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Jeff Noble, Warden of the Madison Correctional Institution ("MCI"), and Captain Christopher Alexander, an employee at MCI. In his complaint filed on March 5, 2019, plaintiff essentially asserts that the defendants were indifferent to his medical needs, thereby violating his Eighth Amendment rights. Specifically, plaintiff alleges that Captain Alexander was called to plaintiff's cell because plaintiff was trying to hang himself. Plaintiff informed Captain Alexander that he was suicidal. Plaintiff was removed from his cell and put in a shower. Plaintiff further alleges that "[t]hey took everything out of my cell and put me back in there with a gown on and my boxer[s]" but did not put him on suicide watch. Complaint, pp. 3-4. Plaintiff further alleges that he then cut his wrist with a sharp object (the nature of this object was not described in the complain)t, after which he was then put on watch. Complaint, p. 4. Plaintiff requests that the defendants be held accountable for their actions in this matter and that they pay for his emotional

stress and their failure to do their job "for a reason[able] amount of money."  Doc. 3, p. 5.

On July 30, 2019, the magistrate judge issued a report and recommendation addressing the May 9, 2019, motion to dismiss filed on behalf of defendants Noble and Alexander[1] pursuant to Fed. R. Civ. P. 12(b)(6).  The magistrate judge noted that any official capacity claims against all three defendants are essentially claims against the State of Ohio, and recommended that the official capacity claims be dismissed as barred by state sovereign immunity under the Eleventh Amendment.  The magistrate judge further found that the complaint failed to state a claim against Mohr and Noble in their individual capacities.  The magistrate judge observed that the complaint did not allege that these defendants were personally involved in the alleged misconduct, and that they could not be held liable based on their supervisory positions alone.  The magistrate judge also found that the complaint was sufficient to state a medical indifference claim against Captain Alexander.

On August 13, 2019, defendants filed a partial objection to the report and recommendation, contesting the magistrate judge's conclusions concerning the individual capacity claim against Captain Alexander.  This matter is now before the court for consideration of the report and recommendation.

II. Standards of Review

---

[1]Former Director Mohr is no longer with ODRC and has not been served.  However, the defendants' motion also advocated the dismissal of plaintiff's claim against Mohr.  The magistrate judge correctly concluded that the complaint failed to state a claim against Mohr and Noble, and no objection has been raised to that conclusion.  The court will therefore adopt the recommendation of the magistrate judge to dismiss all claims against those two defendants.

2

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle him to relief. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim, Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007).

III. Defendants' Partial Objection

A. Official or Individual Capacity Claim

3

In the report and recommendation, the magistrate judge liberally construed the complaint and assumed that plaintiff intended to sue the defendants in both their official and individual capacities. See Doc. 17, pp. 2-3 (citing Arauz v. Bell, 307 F. App'x 923, 927, n. 2 (6th Cir. 2009)(liberally construing a pro se complaint and assuming that plaintiff intended to sue the defendants in their official and individual capacities)). Defendants argued in their objection that plaintiff was required to specifically state in the complaint that he was suing them in their individual capacities. In response, plaintiff submitted a document which was captioned as a motion, but which was docketed as an objection. See Doc. 23. Plaintiff essentially stated in this document that he intended to assert both official and individual capacity claims in his complaint. The document can arguably be construed as a response to defendants' objections or as a motion to amend or clarify the complaint. Defendants have filed a motion to strike this document, arguing that it constitutes an unauthorized amendment to the complaint. See Doc. 24.

In Wells v. Brown, 891 F.2d 591, 593-594 (6th Cir. 1989), the court held that inmates were required to set forth clearly in their pleadings that they were suing state officials in their individual capacities, and that, absent specific notice, an ambiguous complaint would be construed as a complaint against the officers in their official capacities. The court stated that this pleading requirement was designed to give defendants prompt notice of the possibility of individual liability and to establish jurisdiction early in the case (noting that the Eleventh Amendment bar is frequently invoked in actions against state officials). Id. at

4

593-94.

However, in Moore v. City of Hariman, 272 F.3d 769, 772-773 (6th Cir. 2001)(en banc), the court rejected the argument that Wells established a per se rule of affirmative pleading, and adopted instead a "course of proceedings" test. This test considers factors such as the nature of plaintiff's claims; whether there is a request for compensatory and punitive damages; the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity; whether any subsequent pleadings put the defendant on notice of the capacity in which he is sued; and whether that notice occurred in the early stages of litigation. Id. at 772, n. 1.

In this case, the complaint is drafted on a form which appears to have been provided by the prison library. The complaint does not specifically state whether the defendants are sued in their official and/or individual capacities. However, in his prayer for relief, plaintiff stated that he wanted the court to find the defendants accountable for their actions and to have them pay for his emotional stress and their failure to do their job "for a reason[able] amount of money." Doc. 3, p. 5. The request for monetary damages alone would not be sufficient to put Alexander on notice that he is being sued in his individual capacity. Shepherd v. Wellman, 313 F.3d 963, 968-69 (6th Cir. 2002). However, in this case, the caption of the complaint contained only Alexander's name, not his position of captain. Plaintiff only provided Alexander's official title when directed to do so later in the form. Doc. 3, pp. 1, 3. The caption and the prayer for monetary damages gave Alexander notice that he was being sued in his individual capacity.

See Moore, 272 F.3d at 773 (complaint which sought compensatory and punitive damages and listed only the officers' names in the caption, not their official titles, provided sufficient notice to the officers that they were being sued as individuals).

Defendants asserted the defense of qualified immunity in their motion to dismiss, and reiterated that defense in their partial objection to the report and recommendation. The Sixth Circuit has held that a defendant's assertion of qualified immunity as a defense demonstrates that he had fair notice of individual liability. See Nouri v. County of Oakland, 615 F. App'x 291, 295 (6th Cir. 2015)(assertion of qualified immunity defense suggested that defendant had fair notice of individual liability under the "course of proceedings" test); Garcia v. Dykstra, 260 F. App'x 887, 895 (6th Cir. 2008)(demand for money damages combined with the assertion of a qualified immunity defense demonstrated that defendants were aware of potential liability in their individual capacities).

Plaintiff also responded to defendants' objection with a document in which he stated that he intended for his complaint to assert both official and individual capacity claims. See Doc. 23. The Sixth Circuit has held that responsive pleadings indicating an intent to sue the defendant in his individual capacity can give sufficient notice. See Moore, 272 F.3d at 774 (holding that plaintiff's response to officers' motion to dismiss clarified any ambiguity in the complaint); Abdur-Rahman v. Michigan Dept. of Corrections, 65 F.3d 489, 491 (6th Cir. 1995)(response to motion for summary judgment which made it clear that plaintiff intended to sue defendant in his individual and official capacities provided

sufficient notice). Plaintiff's filing, which resolved any remaining ambiguity concerning plaintiff's intent to sue the defendants in their individual capacities, was provided in the early stages of the case, thus satisfying both of the concerns addressed in Wells.

The court concludes that the complaint provided the defendants with sufficient notice that they were named in their official and individual capacities. This conclusion is supported by the subsequent proceedings in the case. In light of this finding, the court need not address the issue of whether plaintiff's objection should be construed as a motion to amend the complaint. Defendants' motion to strike plaintiff's objection will be denied.

B. Eighth Amendment Claim

1. Standards

Defendants have objected to the conclusion of the magistrate judge that plaintiff's complaint states a claim under the Eighth Amendment against Alexander. Although plaintiff did not specifically identify his claim as an Eighth Amendment claim or his cause of action as one under §1983, he was not required to plead legal theories or to specify what provision of law the defendants allegedly violated. See Gean v. Hattaway, 330 F.3d 758, 765 (6th Cir. 2003); Shah v. Inter-Continental Hotel Chicago Operating Corp., 314 F.3d 278, 282 (7th Cir. 2002).

To establish an Eighth Amendment violation based on the failure to provide medical care, a prisoner must show that he has a serious medical condition and that the defendants displayed a deliberate indifference to his medical needs. Farmer v. Brennan,

511 U.S. 825, 839 (1994); Rhinehart v. Scutt, 894 F.3d 721, 737 (6th Cir. 2018). As to the first requirement, which is objective, a medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Blackmore v. Kalamazoo County, 390 F.3d 890, 897 (6th Cir. 2004). To establish the subjective component of deliberate indifference, the official must subjectively know of and disregard an excessive risk to inmate health or safety. Farmer, 511 U.S. at 844. The defendant must have been subjectively reckless, such that the defendant was actually aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and must have also drawn the inference. Bays v. Montmorency County, 874 F.3d 264, 268 (6th Cir. 2017).

A prisoner's right to be free from deliberate indifference to medical needs extends to an inmate's psychiatric needs. Richmond v. Huq, 885 F.3d 928, 237 (6th Cir. 2018). In the context of attempted suicide, "proof of a prisoner's psychological needs manifesting themselves in suicidal tendencies with 'a strong likelihood that he would attempt to take his own life' are sufficiently serious for purposes of the objective component." Galloway v. Anuszkiewicz, 518 F. App'x 330, 333 (6th Cir. 2013)(quoting Gray v. City of Detroit, 399 F.3d 612, 616 (6th Cir. 2005)). The subjective component is satisfied "with proof that a prison official drew an inference from the available facts that there was a 'strong likelihood' of prisoner suicide, but then disregarded that risk by failing to take adequate precautions to mitigate the risk." Galloway, 518 F. App' at 333 (citing Gray, 399

8

F.3d at 616).

2. Physical Injury Requirement

Defendants argue that plaintiff has not alleged a physical injury which satisfies the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(e). That section states:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. §1997e(e). Plaintiff alleged that he cut his wrist on a sharp object after he was returned to his cell without being placed on suicide watch. Defendants argue that this does not constitute a "physical injury" under the PLRA because it was a self-inflicted injury.

The magistrate judge correctly concluded that plaintiff's complaint alleges a physical injury which satisfies the PLRA. Some courts have held that self-inflicted injuries do not satisfy the physical injury requirement under the PLRA. See Morrill v. Holmes County Jail, No. 5:15-cv-324-WTH-GRJ, 2018 WL 7082149 at *9-10 (N.D.Fla. Jan. 30, 2018)(citing cases). However, the Sixth Circuit has held that a self-inflicted injury stemming from an attempted suicide satisfies the requirements of §1997e(e). See Arauz, 307 F. App'x at 929. Other courts have agreed with the Sixth Circuit's view. See Stees v. Guard, Maine State Prison, No. 1:14-cv-00133-GZS, 2015 WL 786919, *2 (D. Me. Jan. 26, 2015); Lopes v. Beland, No. 11-cv-12063, 2014 WL 1289455, *11 (D. Mass. March 29, 2014); Habeebullah v. Crawford, No. 08-4063-CV-C-NKL, 2011 WL 2458060, *5 (W.D.Mo. June 17, 2011); Proctor v. Felker, No.. CIV S-08-3138 JAM GGH P, 2009 WL 4828739, *3 (E.D. Cal. Dec. 9, 2009).

9

Even assuming that plaintiff's self-inflicted injury does not satisfy the physical injury requirement in §1997e(e), that would not warrant dismissal of the complaint. Section 1997e(e) would not preclude a claim for injunctive or declaratory relief, or a claim for compensatory, nominal or punitive damages based on a violation of plaintiff's Eighth Amendment rights. See Lucas v. Chalk, No. 18-6272, 2019 WL 3889720, *3 (6th Cir. Aug. 19, 2019)(a claim for injunctive relief or for nominal, compensatory and punitive damages for constitutional violations are not prohibited by the PLRA)(citing King v. Zamiara, 788 F.3d 207, 213 (6th Cir. 2015)(the PLRA says nothing about claims brought to redress constitutional injuries, which are distinct from mental and emotional injuries); Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003)(§1997e(e) is not a bar to a suit seeking nominal damages); Calhoun v. DeTella, 319 F.3d 936, 941 (7th Cir. 2003)(lack of physical injury does not foreclose an action for nominal or punitive damages for an Eighth Amendment violation).

3. Violation of a Constitutionally Protected Right

Defendants argue that plaintiff has failed to allege a violation of a constitutionally protected right. The magistrate judge correctly found that the complaint alleges a violation of plaintiff's Eighth Amendment rights. Although the right to medical care for serious medical needs does not encompass the right to be screened correctly for suicidal tendencies, prison officials who have been alerted to a prisoner's serious medical needs are under an obligation to offer medical care to such a prisoner. Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001). Here, plaintiff is not invoking a general right to be accurately diagnosed for

suicidal tendencies. Rather, he is asserting "the more basic right to continuing medical treatment once a prisoner has been determined to be suicidal." Id. at 711.

The court agrees with the magistrate judge's finding that the allegations in the complaint are sufficient to satisfy the objective component of a serious medical need. A prisoner's "psychological needs may constitute serious medical needs, especially when they result in suicidal tendencies." Horn by Parks v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994). Plaintiff alleges that Captain Alexander discovered him trying to hang himself in his cell, and that he informed Captain Alexander that he was suicidal. These allegations satisfy the objective component of plaintiff's Eighth Amendment claim. See Comstock, 273 F.3d at 703 (allegations that defendants were indifferent to inmate's suicidal tendency satisfied the objective component). Although defendants downplay the seriousness of plaintiff's mental state, noting his statement that he "was going thru [sic] something that day," that does not minimize the fact that plaintiff reported being suicidal on the day in question, and that he allegedly attempted suicide twice that day.

The magistrate judge also did not err in concluding that the allegations in the complaint are sufficient to allege the subjective requirements for liability. Plaintiff alleges that Captain Alexander was called to his cell because he was trying to hang himself, and that he told Captain Alexander that he was suicidal. Plaintiff further contends that when he was returned to his cell after it was searched, he was not placed on suicide watch, and he cut his wrist with a sharp object. Defendants have posed

11

factual scenarios as possible defenses, suggesting that Captain Alexander may have concluded that searching the cell was sufficient to obviate any suicide risk. How much Captain Alexander knew about the search of the cell and how plaintiff managed to obtain the unidentified sharp object to use in cutting his wrist are conjectural matters outside the face of the complaint.

Plaintiff clearly alleged that Captain Alexander was called to his cell when he tried to hang himself, and that he told Captain Alexander that he was suicidal. These allegations indicate that Captain Alexander had knowledge of the plaintiff's suicidal state of mind. Plaintiff further alleges that when he was returned to his cell, he was not placed on suicide watch, contrary to a prison regulation dealing with suicide prevention which he identifies as "67-MHN-09." Plaintiff further discusses this policy provision in his opposition to defendants' motion to dismiss. See Doc. 15. According to plaintiff, this policy requires that the inmate be put on constant watch if no mental health staff is available at the time information concerning an inmate's suicide risk is received. Doc. 15, p. 2. The failure to follow internal policies for suicide prevention can "be considered more than negligent." Comstock, 273 F.3d at 709. The complaint is sufficient to allege that Captain Alexander was deliberately indifferent to plaintiff's serious psychological medical needs.

C. Qualified Immunity Defense

Defendants also object to the magistrate judge's failure to recommend dismissal based on the defense of qualified immunity. Under the qualified immunity doctrine, government officials are entitled to qualified immunity for discretionary acts that do not

violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. Anderson v. Creighton, 483 U.S. 635, 638-39 (1987). The qualified immunity analysis involves asking whether: (1) the facts, viewed in the light most favorable to plaintiff, show a violation of a constitutional right; and (2) the right at issue was clearly established at the time of the alleged misconduct; either of these prongs may be addressed first. Pearson v. Callahan, 555 U.S. 223, 232-36 (2009). Qualified immunity shields individuals not just against liability, but against the suit itself. Id., 555 U.S. at 231.

The magistrate judge correctly noted that "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." Wesley v. Campbell, 779 F.3d 421, 433 (6th Cir. 2015). Although a defendant's entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point, the earliest possible point "is usually summary judgment and not dismissal under Rule 12." Id. at 433-34. See also Grose v. Caruso, 284 F. App'x 279, 283-84 (6th Cir. 2008)(in case alleging an Eighth Amendment claim of inadequate medical treatment, a Rule 12(b)(6) motion to dismiss on basis of qualified immunity was premature; the subjective state of mind of prison officials was a fact-specific inquiry, and plaintiff had not yet had the opportunity to initiate discovery or to develop a factual record upon which the qualified immunity determination could be based).

The magistrate judge also correctly noted that the right to be free from deliberate indifference to an inmate's psychiatric needs

and the right to continuing medical treatment once a prisoner has been determined to be suicidal were clearly established at the time of the events in question.  See Richmond, 885 F.3d at 939; Comstock, 273 F.3d at 711.  The court agrees with the magistrate judge's conclusion that defendant Alexander is not entitled to a dismissal of plaintiff's claim on qualified immunity grounds at this stage of the case.

IV. Conclusion

In accordance with the foregoing, the court agrees with the report and recommendation (Doc. 17), and it is hereby adopted. Defendants' partial objection (Doc. 18) is denied.  The motion to strike (Doc. 24) is denied.  The motion to dismiss (Doc. 8) is granted in part and denied in part.  All official capacity claims and all claims against defendants Mohr and Noble are dismissed. The motion to dismiss the Eighth Amendment claim against defendant Alexander in his individual capacity is denied.


Date: October 15, 2019            s/James L. Graham
                                  James L. Graham
                                  United States District Judge