**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LASHAUN REED,**

    **Plaintiff,**

  v.                                                 **Civil Action 2:19-cv-738
Judge James L. Graham
Magistrate Judge Kimberly A. Jolson**

**GARY MOHR, et al.,**

    **Defendants.**

**REPORT AND RECOMMENDATION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel (Doc. 32) and Defendants' First Motion for Summary Judgment Addressing Exhaustion Only (Doc. 41).  For the reasons that follow, it is **RECOMMENDED** that Defendants' First Motion for Summary Judgment Addressing Exhaustion Only (Doc. 41) be **GRANTED**.  Plaintiff's Motion to Compel (Doc. 32) is **DENIED as moot**.

**I.**     **BACKGROUND**

The Court has previously summarized the background of this case.  (*See* Docs. 17, 25). Relevant here, Plaintiff alleges that Defendant Alexander, a Captain at Madison Correctional Institution ("MaCI"), was deliberately indifferent to his serious medical needs.  Specifically, on January 21, 2018, Plaintiff attempted to commit suicide after Defendant Alexander failed to place him on constant watch.  (Doc. 41-2).  After Plaintiff attempted to hang himself, Defendant Alexander removed him and all of his belongings from his cell. (*Id.*).  Correctional staff took Plaintiff to the showers, searched him, and placed him back in his cell with property restrictions. (*Id.*).  Plaintiff subsequently attempted to commit suicide again by cutting his wrist. (*Id.*).

On January 24, 2018, Plaintiff filed his initial complaint, which was escalated to a grievance on February 8, 2018. (*Id.*). Zachary Gould, an Institutional Investigator at MaCI, investigated Plaintiff's grievance, found evidence to support it, and granted the grievance. (*Id.*).

Plaintiff filed his Complaint on March 5, 2019, alleging that Defendant Alexander was deliberately indifferent to his serious medical needs. (Doc. 3). Defendants then filed their First Motion for Summary Judgment Addressing Exhaustion Only (Doc. 41), which is fully briefed and ripe for resolution.

## II.     STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears the initial "responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record that demonstrate "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (defining "genuine" as more than "some metaphysical doubt as to the material facts"). Consequently, the central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### III. DISCUSSION

Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies before filing suit in federal court. (*See generally* Doc. 41).

"Exhaustion of administrative remedies 'is mandatory under the [Prison Litigation Reform Act ("PLRA")] and . . . unexhausted claims cannot be brought in court.'" *Murray v. Ohio Dep't of Corr.*, No. 1:14-CV-168, 2019 WL 485214, at *13 (S.D. Ohio Feb. 7, 2019) (quoting *Jones v. Bock*, 549 U.S. 199, 211 (2007)). Relevant here, the "'PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Murray*, 2019 WL 485214, at *13 (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)).

"Failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be proved by the defendant." *Anderson v. Shelby Cty. Gov't*, No. 03-2650-P, 2009 WL 3241676, at *5 (W.D. Tenn. Sept. 30, 2009) (citing *Jones*, 549 U.S. at 212). "Once Defendant[] puts forth evidence of [his] affirmative defense of failure to exhaust administrative remedies, Plaintiff [is] required to present 'significant probative evidence' to defeat the motion for summary judgment." *Pullen v. Combs*, No. 1:17CV255, 2020 WL 1451564, at *1 (S.D. Ohio Mar. 25, 2020) (quoting *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011)).

The Ohio inmate grievance procedure involves "three consecutive steps": First, "the inmate shall file an informal complaint to the direct supervisor of the staff member, or department most directly responsible for the particular subject matter of the complaint." Ohio Admin. Code § 5120-9-31(J)(1).[1] Second, "[i]f the inmate is dissatisfied with the informal complaint response,

---

[1] The current version is codified under subsection (J) but was previously codified at subsection (K) at the time of the events in question.

3

or the informal complaint process has been waived, the inmate may file a notification of a grievance with the inspector of institutional services." Ohio Admin. Code § 5120-9-31(J)(2). Third, "[i]f the inmate is dissatisfied with the disposition of grievance, the inmate may file an appeal with the office of the chief inspector." Ohio Admin. Code § 5120-9-31(J)(3).

Plaintiff failed to comply with those requirements here. (*See* Doc. 41-3, ¶¶ 6–16 (detailing Plaintiff's failure to comply with the inmate grievance procedure)). His contrary argument is not persuasive. He contends that he was not required to complete the three-step grievance process because his grievance was granted at the second step. (*See* Doc. 44 at 1–2). But that is not the law. *See Stoutamire v. Schmalz*, No. 1:16CV2840, 2018 WL 4233696, at *3 (N.D. Ohio Sept. 6, 2018) (internal citations omitted) ("In his first objection, Stoutamire argues that he was unable to file a grievance with the chief inspector because his excessive force grievance was 'granted' by the inspector of institutional services. He stated that the third step was unnecessary because he received the relief sought. This is a faulty argument. If Stoutamire were dissatisfied with the response he received from the inspector of institutional services, the inmate grievance process requires that he file a grievance with the chief inspector within fourteen days of receipt of the response. If he were satisfied with the response and received the relief he sought, there would be no cause to bring this 42 U.S.C. § 1983 claim."); *see also Thomas v. McDowell*, No. 2:10-CV-0152, 2013 WL 4008763, at *5 (S.D. Ohio Aug. 5, 2013), *report and recommendation adopted*, No. 2:10-CV-152, 2013 WL 5177137 (S.D. Ohio Sept. 12, 2013) ("An inmate does not exhaust his remedies under § 5120–9–31 until he has received a decision in an appeal to the office of the Chief Inspector."). Defendants are entitled to summary judgment as a result.

4

IV.     **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that Defendants' First Motion for Summary Judgment Addressing Exhaustion Only (Doc. 41) be **GRANTED**. Plaintiff's Motion to Compel (Doc. 32) is **DENIED as moot**.

V.     **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: July 30, 2020                                                            /s/ Kimberly A. Jolson
                                                                                       KIMBERLY A. JOLSON
                                                                                       UNITED STATES MAGISTRATE JUDGE