IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lashaun M. Reed,

      Plaintiff,

    v.                            Case No. 2:19-cv-738

Gary Mohr, et al.,

      Defendants.

OPINION AND ORDER

This is an action brought pursuant to 42 U.S.C. §1983 by plaintiff Lashaun M. Reed, an Ohio state prison inmate proceeding pro se.  Named in the complaint as defendants were Gary C. Mohr, the former Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Jeff Noble, Warden of the Madison Correctional Institution ("MCI"), and Captain Christopher Alexander, an employee at MCI.  In his complaint filed on March 5, 2019, plaintiff asserted that Captain Alexander was called to plaintiff's cell because plaintiff was trying to hang himself.  Plaintiff informed Captain Alexander that he was suicidal.  Plaintiff was removed from his cell and put in a shower.  Plaintiff further alleges that "[t]hey took everything out of my cell and put me back in there with a gown on and my boxer[s]" but did not put him on suicide watch.  Complaint, pp. 3-4.  Plaintiff further alleges that he then cut his wrist with  a sharp object, after which he was then put on watch.  Complaint, p. 4.

In an order filed on October 15, 2019, this court adopted the July 30, 2019, report and recommendation of the magistrate judge.  The claims against defendants Mohr and Noble and all official capacity claims were dismissed.  The individual capacity claim

asserted against Captain Alexander survived.

On May 8, 2020, Captain Alexander filed a motion for summary judgment on the issue of exhaustion of administrative remedies. On July 30, 2020, the magistrate judge issued a report and recommendation, in which she concluded that defendant had met his burden of showing that plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA") and that there was an absence of evidence supporting exhaustion. She recommended that the motion for summary judgment be granted.

This matter is now before the court on plaintiff's August 21, 2020, objection to the report and recommendation. See Doc. 49. Plaintiff also submitted an affidavit which was docketed on August 28, 2020. See Doc. 50. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

I. Summary Judgment Standards

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).  In considering a motion for summary judgment, this court must draw all reasonable inferences and view all evidence in favor of the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Am. Express Travel Related Servs. Co. v. Kentucky, 641 F.3d 685, 688 (6th Cir. 2011).

## II. Exhaustion of Administrative Remedies

The failure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendant.  Jontes v. Bock, 549 U.s 199, 204 (2007); Napier v. Laurel County, Kentucky, 636 F.3d 218, 225 (6th Cir. 2011).  The burden was on the defendant to show that there was an absence of evidence to support the plaintiff's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Once the defendant puts forth evidence, plaintiff was required "to present 'significant probative evidence' to defeat the motion for summary judgment[.]"  Napier, 636 F.3d at 255 (citing Anderson, 477 U.S. at 248).

Under the PLRA, 42 U.S.C. §1997e(a), a prisoner may not bring an action challenging prison conditions under §1983 until such administrative remedies as are available are exhausted. Jones v. Bock, 549 U.S. 199, 211 (2007)(exhaustion of administrative remedies is mandatory under the PLRA and unexhausted claims cannot be brought in court).  Proper exhaustion of the administrative grievance process, which demands adherence with deadlines and critical procedural rules, is required. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "To properly exhaust a claim, prisoners must tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural

rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." Reed-Bey v. Pramstaller, 603 F.3d 322, 324 (6th Cir. 2010).  Proper exhaustion serves the necessary interest of providing "fair notice of the alleged mistreatment or misconduct that forms the basis of the constitutional or statutory claim made against a defendant in a prisoner's complaint."  LaFountain v. Martin, 334 F. App'x 738, 740 (6th Cir. 2009)(citing Bell v. Knoteh, 450 Fl.3d 651, 654 (6th Cir. 2006)).

As the magistrate judge noted, Ohio has established a procedure for resolving inmate complaints.  See Ohio Admin. Code §5120-9-31.  The three-step grievance system provides for: (1) the filing of an informal complaint by the inmate to a staff member, a direct supervisor of a staff member, or the department most directly responsible for the subject matter of the complaint, within fourteen days of the incident, Ohio Admin. Code §5120-9-31(J)(1); the filing of a formal grievance to the inspector of institutional services within fourteen days after receipt of the response to the informal complaint, Ohio Admin. Code §5120-9-31(J)(2); and (3) and the filing of an appeal to the office of the Chief Inspector of the ODRC within fourteen days of receipt of the response to the grievance, Ohio Admin. Code §5120-9-31(J)(3).

Defendant presented a prison record documenting plaintiff's grievances, as well as the affidavit of Zachary Gould, Institutional Inspector at MCI, who was responsible for directing, coordinating, monitoring and responding to the inmate grievance system.  Docs. 41-2 and 41-3.  The record indicates that on January 24, 2018, plaintiff submitted a Step One grievance concerning the

4

alleged events of January 21, 2018, complaining about the failure to put him on watch, being returned to his cell, where he cut his wrist, and the loss of his boots. Doc. 41-2. Plaintiff received a response to that grievance on January 25, 2018, which stated that plaintiff's property was taken because he was on a watch status, that everything which plaintiff could possibly use to hurt himself was removed from his cell, and that Captain Alexander packed plaintiff's boots with the rest of his property. Plaintiff was instructed to talk with his unit management team to get his property. Doc. 41-2.

The record further indicates that on February 8, 2018, plaintiff filed a Step Two Notification of Grievance in which he addressed his watch status on January 21, 2018. Docs. 41-2, 41-3, ¶13. On February 13, 2018, Inspector Gould responded to this grievance. Inspector Gould found that a violation of 67-MNH-09, Section (C)(3),[1] was committed, and granted the grievance, then indicated that "[t]his office will take no further actions regarding this matter." Docs. 41-2, 41-3, ¶ 13. According to Inspector Gould's affidavit, plaintiff never pursued a Step 3 appeal from that disposition and did not exhaust his administrative remedies. Doc. 41-3, ¶¶ 14, 15.

Plaintiff's only response to the motion for summary judgment was that he was not required to pursue an appeal from his Step Two

---

[1]67-MNH-09 is contained in ODRC Policies and Procedures, Mental Health Services, under the subheading Suicide Prevention. The current version of Section (C)(3) refers to the pre-placement screening required when an inmate enters a restricted housing units. It is unclear whether Inspector Gould meant to refer to Section (G)(3), which outlines suicide precautions such as constant watch.

grievance because that grievance was granted.  As the magistrate judge correctly noted, that is not the law.  The Sixth Circuit "has interpreted the PLRA's exhaustion requirement to be satisfied if a Plaintiff files a grievance granting the prison 'fair notice' of the claim and appeals the denial of the grievance to the highest possible level."  Pack v. Martin, 174 F. App'x 256, 262 (6th Cir. 2006)(citing Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003); see also Thomas v. Woolum, 337 F.3d 720, 726-27 (6th Cir. 2003)(a prisoner does not exhaust his administrative remedies when he fails to run the gamut of potential appeals, noting that an appeal gives the state an opportunity to reconsider its decision), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81 (2006); Fletcher v. Sheets, No. 2:09-CV-1130, 2011 WL 3206856, at *6 (S.D. Ohio June 10, 2011)(inmate must appeal the denial of the grievance to the highest possible level).

The requirement of exhausting all appeal rights applies even if the grievance is granted at a lower level.  In Brooks v. Silva, No. 13-6539, 2015 WL 12762112, at *4 (6th Cir. April 6, 2015), the court rejected the plaintiff's argument that he had no obligation to appeal because his grievance had been granted at a lower level. The court stated that:

> the United States Supreme Court has been clear that a prisoner must "exhaust" his available remedies before filing a federal suit. See ,e.g., Woodford, 548 U.S. at 88.  So while Brooks is not required to pursue his appeal to the highest level, he is required to do so before he can file suit.

Id.  In Stoutamire v. Schmalz, No. 1:16CV2840, 2018 WL 4233696, at *3 (N.D. Ohio Sept. 6, 2018), the court concluded that the fact that plaintiff's grievance was granted at Step Two of Ohio's

grievance scheme did not excuse his failure to pursue a Step Three appeal.  The court noted:

> This is a faulty argument.  If Stoutamire were dissatisfied with the response he received from the inspector of institutional services, the inmate grievance process requires that he file a grievance with the chief inspector within fourteen days of receipt of the response.  Ohio Admin. Code §5120-9-31(K)(3) [now §5210-9-31(J)(3)].  If he were satisfied with the response and received the relief he sought, there would be no cause to bring this 42 U.S.C. §1983 claim.

Id.  In this case, Inspector Gould found that a prison procedural rule was violated and granted plaintiff's grievance, but indicated that he would take no further action.  Plaintiff's failure to appeal this decision deprived the prison of the opportunity to hear why plaintiff was dissatisfied with this result and to rectify any errors in the decision.

III. Plaintiff's Objection

Plaintiff's objections raise new arguments which were not presented in the summary judgment proceedings before the magistrate judge.  Matters raised for the first time in objections to the magistrate judge's report and recommendation need not be considered by this court because they were not first presented to the magistrate judge for consideration.  See Becker v. Clermont County Prosecutor, 450 F. App'x 438, 439 (6th Cir. 2011)(citing Jurr v. United States, 200 F.3d 895, 902-03 n. 1 (6th Cir. 2000)).  In any event, plaintiff's objections are not well taken.

Plaintiff contends that his failure to exhaust administrative remedies or to present additional summary judgment evidence was not his fault because he is not trained in the law.  The Sixth Circuit requires inmates to make affirmative efforts to comply with

7

administrative procedures.  Risher v. Lappin, 639 F.3d 236, 240 (6th Cir. 2011).  That court has rejected the argument that the failure of a facility to explain the grievance policy or the PLRA excused the inmate's failure to exhaust.  See Napier v. Laurel County, Kentucky, 636 F.3d 218, 221-222 n. 2 (6th Cir. 2011)("A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy.").  Although the filings of a pro se litigant are construed liberally, a pro se party will not be relieved of the responsibility to comply with basic rules of court. McNeil v. United States, 508 U.S. 106, 113 (1993); see also Moore v. Holbrook, 2 F.3d 697, 705 (6th Cir. 1993)(pro se litigants are not excused from federal rules governing summary judgment); Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980)(pro se litigants must present proper summary judgment evidence).

After filing his objection, plaintiff submitted an affidavit on August 28, 2020, in which he stated that he wrote the Chief Inspector's Office in February, 2018.  Doc. 50, ¶ 2.  However, he stated in his objection that he sent a letter to the Chief Inspector which was never received.[2]  Doc. 49, p. 1.  He has submitted a February 27, 2019, letter from the Correctional Institution Inspection Committee of the Ohio General Assembly. Doc. 49, p. 5.  This letter acknowledged that plaintiff's letter to them (which is not in the record) was received by the Committee on August 21, 2018, long after the February 13, 2018, Step Two decision of Inspector Gould.  The Committee's letter instructed

---

[2]Plaintiff's belief that his alleged letter was never received is supported by the affidavit of Inspector Gould, Doc. 41-3, ¶ 14, who stated that plaintiff never appealed the disposition of his Notification of Grievance to the Office of the Chief Inspector.

plaintiff that if he believed that he was involved in an unreported use of force incident at Madison, he should document this through the grievance procedure.   This letter does not establish that plaintiff sent an appeal of the February 13, 2018, decision to the Chief Inspector, which would have been due within fourteen days from plaintiff's receipt of Inspector Gould's decision.   Defendant submitted evidence that plaintiff never appealed the disposition of his grievance to the Office of the Chief Inspector.   Doc. 41-3, ¶14.

Plaintiff has attached a blank appeal form which gives the address of 770 West Broad Street, Columbus, Ohio, 43222.  Doc. 49, p. 7.   Plaintiff claims that he did not have this form   in February, 2018.   However, Inspector Gould stated in his affidavit that plaintiff never alleged that any correctional officer or other institutional staff prevented, obstructed, or otherwise affected his ability to begin or complete the institutional grievance procedure.   Doc. 41-3, ¶16.   Plaintiff also suggests that he was frustrated in his efforts to appeal because he was given the wrong address for the Chief Inspector's Office.   He has submitted an envelope addressed to the Chief Inspector at the Broad Street address which was returned as undeliverable.   However, that envelope is postmarked July 2, 2020, long after the appeal from Inspector Gould's February 13, 2018, decision would have been due. Plaintiff's objection also includes commissary records indicating that on February 26, 2018, he was at MCI, but that on March 1, 2018, he was at the Toledo Correctional Institution.   He now posits that this may have hampered his ability to file an appeal. However, his appeal would have been due by February 27, 2018, and

9

he offered no evidence in response to the summary judgment motion indicating that he was prevented from filing a timely appeal due to his transfer.

The court concludes that defendant has shown that plaintiff failed to exhaust his administrative remedies, and plaintiff's objection is not well taken.

IV. Conclusion

In accordance with the foregoing, the court agrees with the report and recommendation (Doc. 47), and it is hereby adopted. Defendants' objection (Docs. 49 and 50) is denied.  The motion for summary judgment (Doc. 41) is granted.   In accordance with this order and this court's order of October 15, 2019, the clerk shall enter judgment in favor of the defendants.


Date: October 13, 2020          _____s/James L. Graham_____
                                James L. Graham
                                United States District Judge