IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lashaun M. Reed,

      Plaintiff,

      v.                       Case No. 2:19-cv-738

Gary Mohr, et al.,

      Defendants.

<u>OPINION AND ORDER</u>

This is an action brought pursuant to 42 U.S.C. §1983 by plaintiff Lashaun M. Reed, an Ohio state prison inmate proceeding <u>pro se</u>, against Gary C. Mohr, the former Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), Jeff Noble, Warden of the Madison Correctional Institution ("MCI"), and Captain Christopher Alexander, an employee at MCI. By order filed on October 15, 2019, this court adopted the July 30, 2019, report and recommendation of the magistrate judge and dismissed all claims with the exception of the individual capacity claim asserted against Captain Alexander.

By order dated October 13, 2020, this court adopted the July 30, 2020, report and recommendation of the magistrate judge and granted Captain Alexander's motion for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act. Specifically, this court observed that there was no evidence that plaintiff completed the third and final step of the prison grievance procedure by filing an appeal to the Office of the Chief Inspector of ODRC within fourteen days of receipt of the response to his grievance as required under Ohio Admin. Code §5120-9-31(J)(3). <u>See</u>

Pack v. Martin, 174 F. App'x 256, 262 (6th Cir. 2006)(noting that the Sixth Circuit "has interpreted the PLRA's exhaustion requirement to be satisfied if a Plaintiff files a grievance granting the prison 'fair notice' of the claim and appeals the denial of the grievance to the highest possible level")(citing Burton v. Jones, 321 F.3d 569, 575 (6th Cir. 2003)).

This case is now before the court on plaintiff's motion pursuant to Fed. R. Civ. P. 59(e) to alter or amend the judgment. A Rule 59(e) motion must either clearly establish a manifest error of law or must present newly discovered evidence. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). A Rule 59(e) motion is not an opportunity to reargue the case or to raise arguments which could and should have been made before the judgment was issued. Id.

Plaintiff makes no argument as to how this court's ruling on the motion for summary judgment contained any manifest error of law, nor has he presented any newly discovered evidence. He has provided no ground for relief under Rule 59(e). He refers to Fed. R. Civ. P. 15(a), which governs the amendment of complaints. However, he does not specify what he would file in the way of an amended complaint. When a motion to amend a complaint follows a judgment against the plaintiff "the need to protect the finality of judgments requires that the plaintiff 'shoulder a heav[y] burden' and 'provide a compelling explanation' to reopen the case." Koprowski v. Baker, 822 F.3d 248, 260 (6th Cir. 2016)(quoting Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616-17 (6th Cir. 2010)). Plaintiff has not done so here.

Plaintiff also seeks to submit interrogatories pursuant to

2

Fed. R. Civ. P. 33. Such a request should have been made during the summary judgment proceedings, not after the entry of judgment. Although the filings of a pro se litigant are construed liberally, a pro se party will not be relieved of the responsibility to comply with basic rules of court. McNeil v. United States, 508 U.S. 106, 113 (1993); see also Moore v. Holbrook, 2 F.3d 697, 705 (6th Cir. 1993)(pro se litigants are not excused from federal rules governing summary judgment); Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980)(pro se litigants must present proper summary judgment evidence).

Plaintiff has also not shown that his proposed interrogatories would serve the purpose of producing evidence that he pursued an administrative appeal to the Office of the Chief Inspector. The proposed interrogatories are addressed to the Correctional Institution Inspection Committee ("CIIC") of the Ohio General Assembly. The record includes a February 27, 2019, letter from CIIC which informed plaintiff that CIIC is a legislative committee that inspects Ohio prisons and evaluates programs, operations, conditions, and the grievance procedure. Doc. 49, p. 5. The letter further advised plaintiff that he should document any concerns he had through the inmate grievance procedure, including the filing of an informal complaint, a grievance, and an appeal to the Chief Inspector. Plaintiff does not explain how interrogatories addressed to CIIC would establish that he sent a letter appealing the February 13, 2018, grievance decision to the Office of the Chief Inspector, a separate entity.

Plaintiff has not shown any grounds for altering the judgment previously entered in this case, nor has he shown any basis for a

3

post-judgment amendment of his complaint or the submission of interrogatories.  Plaintiff's motion (Doc. 54) is denied.

Date: December 2, 2020          _____s/James L. Graham_____
                                James L. Graham
                                United States District Judge

4